---

(86 Misc. Rep. 631)

### In re CROCKETT'S WILL.

(Surrogate's Court, Bronx County. July, 1914.)

1. WILLS (§ 155*)—EXECUTION—"UNDUE INFLUENCE."
    "Undue influence" is influence which subordinates the will of the testatrix to the will of another, so that the testament no longer speaks the mind and purpose of testatrix, and cannot consist merely in the feeling of gratitude toward those who have taken an interest in her in her old age.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 375–381; Dec. Dig. § 155.*
    For other definitions, see Words and Phrases, First and Second Series, Undue Influence.]

2. WILLS (§ 163*)—EXECUTION—EXISTENCE OF UNDUE INFLUENCE—PROOF.
    The exercise of undue influence cannot be presumed in proceedings to probate a will, but must be shown, either by direct proof, or by proof of such facts and circumstances that a contrary inference cannot be drawn.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388–402; Dec. Dig. § 163.*]

3. WILLS (§ 47*)—EXECUTION—INCOMPETENCY—PRESUMPTION.
    Merely that testatrix was an old lady about 80 years of age did not render her incompetent.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 94; Dec. Dig. § 47.*]

Proceedings on the probate of the last will and testament of Nora Crockett, deceased. Probate decreed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John P. Gering, of Elmhurst (John T. Robinson, of Elmhurst, of counsel), for proponent.

Elfers & Abberley, of New York City (Lester S. Abberley, of New York City, of counsel), for contestant.

John J. O'Brien, special guardian, of New York City, for infant contestants.

SCHULTZ, S. An adult niece of the testatrix filed objections to her will. Thereupon the special guardian for the infants interested also filed an answer containing objections.

The testimony in this matter, in my opinion, fully establishes that all the statutory requirements were observed in the execution of the will of the decedent, that at the time of such execution the decedent was competent to make a will, and that the same was not the result of any undue influence exercised upon her. The persons named as beneficiaries appear to have been on good terms with her. When she was ill and they were notified, some of them called for her and removed her to the home of one of them, where she thereafter resided; and it appears that she felt grateful to them for this. The evidence also shows that she had visited some of the beneficiaries at various times before her illness. No doubt the fact that she did have these social relations with the beneficiaries, and was removed from the home of strangers to the home of her relatives when the latter learned of her illness, induced her to feel more kindly toward the beneficiaries than she did toward the adult contestant, with whom the evidence discloses she had no social relations for many years, and toward the infant grandnephews and grandniece, as to whose relations with the testatrix nothing of importance appears in the testimony.

[1] It is quite likely that this feeling of gratitude toward those who in her old age took an interest in her, sufficient to take the trouble to remove her to the home of one of their number when she was ill, found its expression in the will now before this court, and influenced her in making the provisions in favor of the beneficiaries therein named. This would be natural, but the law does not construe such a state of facts to constitute undue influence. Children's Aid Society v. Loveridge, 70 N. Y. 387; Marx v. McGlynn, 88 N. Y. 358; Matter of Mondorf, 110 N. Y. 450, 18 N. E. 256. Unde influence is influence which subordinates the will of the testatrix to the will of another, so that the testament no longer speaks the mind and purpose of the testatrix, but the wish and purpose of another. Matter of Blair, 16 Daly, 540, 16 N. Y. Supp. 874; Rollwagen v. Rollwagen, 63 N. Y. 504. It imports coercion. Matter of Van Ness, 78 Misc. Rep. 592, 598, citing Matter of Campbell, 136 N. Y. Supp. 1086, 1104, 1105.

[2] It cannot be presumed, but must be shown, either by direct proof, or by proof of such facts and circumstances that a contrary inference cannot be drawn from the same. Rollwagen v. Rollwagen, supra; Loder v. Whelpley, 111 N. Y. 239, 18 N. E. 874; Matter of Campbell, 136 N. Y. Supp. 1086; Matter of Richardson, 137 App. Div. 103, 122 N. Y. Supp. 83. I can find nothing in the testimony on this contest to show that such a condition existed.

Nor does it follow that the testatrix was incompetent to make a will on the 28th of January, 1914, when this will was made, because she was suffering from a serious illness on or about the 18th of January preceding. Indeed, it appears from the testimony that her condition improved between the said 15th and 18th days of January, when the physician who attended her at the place where she was living last saw her. The only testimony which in my opinion has any weight on the question of her alleged incompetency due to her illness is that of this physician; but he saw the patient last on January 18th, whereas the will was not made until January 28th, and the testatrix did not die until the 25th of February following. The physician, therefore, could not have testified, and did not attempt to testify, to her condition on the day the will was made, from any examination or observation made by him on that day.

[3] The testatrix was an old lady, probably over 80 years of age; but that does not make her incompetent in law. Age has its penalties; but a presumption of incompetency in law, fortunately is not one of them. Senility of a testatrix, where it exists, may make it necessary to scrutinize a will carefully, to see that no imposition has been practiced; but I know of no case in this state which makes it, of itself, a bar to probate.

The objections of the adult contestant, and of the special guardian on behalf of the infants, are dismissed. The will is admitted to probate, with costs to the proponent and special guardian, payable out of the estate.

Probate decreed.